IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Fusion Oil, Inc., et al., | Case No. 3:05 CV 7434 |
| Plaintiffs, | MEMORANDUM OPINION |
| -vs- | JUDGE JACK ZOUHARY |
| American Petroleum Retail, Inc., et al., | |
| Defendants. | |

This matter is before the Court on the Receiver's Motion for Summary Judgment (Doc. No. 13), to which Plaintiffs have filed a Response (Doc. No. 14), and the Receiver has filed a Reply (Doc. No. 20). The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. §1332.

**BACKGROUND**

Plaintiff Fusion Oil, Inc. (f/k/a Harajli Management & Investment, Inc.) ("Fusion") is a Michigan corporation engaged in, *inter alia*, the sale and distribution of Sunoco-branded fuel. Plaintiff Hassan Harajli is the President of Fusion and the brother-in-law of Mohamed Ajami. In 2000, Harajli guaranteed a $600,000 mortgage from Sunoco's financing agent, Citicorp, to Ajami's company, Defendant A&M Investment Strategies ("A&M"), for the purpose of renovating and operating a gas station and convenience store ("the service station") located on the corner of West Bancroft Street and Ashland Avenue in Toledo, Ohio. A&M opened the service station, but

subsequently defaulted under the terms of the promissory note and mortgage. As guarantor, Harajli paid the balance of the outstanding loan, and Sunoco assigned the note and mortgage to Fusion.

Fusion immediately filed a foreclosure action against A&M in the Lucas County Court of Common Pleas[1] and sought the appointment of a receiver. On January 11, 2005, after a lengthy evidentiary hearing, the Common Pleas Court appointed Attorney James White, Jr. as receiver for A&M (Magistrate's Decision, Doc. No. 13-2, pp. 4, 14). White subsequently resigned, and Defendant Skutch Company, Ltd. was appointed to replace him.[2] Skutch immediately closed the service station, removed A&M as operator, and granted operation of the station to Jet Fuel, Inc., a Harajli-controlled entity.

In September 2005, Skutch removed Jet Fuel from the service station for allegedly withholding profits and certain documents. On the day that Jet Fuel was locked out of the premises, Harajli observed Defendant Herbie Howard speaking with Skutch at the service station (Affidavit of Hassan Harajli, Doc. No. 16, p. 3). Howard is an agent of Defendant American Petroleum Retail Inc. ("AP"), a seller of unbranded fuel.

On September 30, 2005, A&M entered into a lease with the Receiver to operate the service station (Business Property Lease, Doc. No. 13-3, pp. 4-9). The lease contained a term which required A&M to sell Sunoco gas only. *Id*. Due to animosity between Harajli and Ajami, A&M has refused

---

[1] *See Harajli Management & Investment, Inc., et al. v. A&M Investment Strategies, Inc., et al.*, Lucas County Court of Common Pleas Case No. CI-2004-03041, filed May 10, 2004. This action remains pending before Judge Charles Wittenberg.

[2] Defendant Skutch Company, Ltd. is an Ohio Limited Liability Company, and Defendant Steven Skutch is its Managing Member. Defendants Skutch Company, Ltd. and Steven Skutch will be referred to herein *jointly* as "Skutch" or "the Receiver."

to purchase Sunoco products from Harajli-controlled entities. Further, A&M has been unable to purchase Sunoco products from other jobbers. On January 6, 2006, Skutch filed "Receiver's Request for Instructions" in the case pending before Judge Wittenberg in the Common Pleas Court. Skutch asked the Judge Wittenberg to assess the validity of the Sunoco lease term and resolve the fuel supply issues.

On November 15, 2005, Harajli and Fusion filed the instant action against AP, Herbie and Tammy Howard, A&M, Steven Skutch, and Skutch Company, Ltd. As against the Receiver, Plaintiffs alleged the following claims: (1) violation of the Petroleum Marketing Practices Act, 15 U.S.C. §2801., *et seq*. (Count 1); (2) civil conspiracy (Count 4); (3) third party beneficiary of a contract (Count 5); (4) a demand for an accounting (Count 9); and (5) breach of fiduciary duties (Counts 13-14). The Receiver has moved the Court for summary judgment on each of these counts (Doc. No. 13). For the reasons stated below, this Motion is granted.

## DISCUSSION

### Standard of Review

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate where there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Id*. When considering a motion for summary judgment, the Court must draw all inferences from the record in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed.2d 538 (1986). The Court is not permitted to weigh the evidence or determine the truth of any matter in dispute; rather, the Court determines only whether the case contains sufficient evidence from which a jury could reasonably find for the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## Leave of Court and Actions Against Receivers

As a threshold matter, the Receiver contends that Plaintiffs' claims must be dismissed because Plaintiffs did not request or receive permission to sue from the Lucas County Court of Common Pleas. The Receiver alleges that this failure to obtain leave from the appointing court constitutes a fatal defect in Plaintiffs' case. The Court agrees.

Under Ohio law, it is well-settled "that a receiver cannot be sued, in the absence of statutory authority, without leave of the court that appointed him." *Sherrets v. Tuscarawas Sav. & Loan Co.*, 78 Ohio App. 307, 310, 70 N.E.2d 127 (1945) (quoting 34 Ohio Jurisprudence, 1079, Section 167). *See also Dorr Run Coal Co. v. Nelsonville Coal Co.*, 21 Ohio Dec. 198, 199 (Ohio C.P. 1910). This is a cogent rule: as the receiver is appointed as an officer of the court, any suit against the receiver is a *de facto* suit against the appointing court itself. *Sherrets*, 78 Ohio App. at 310. Further, the receiver "ought not be required to respond to the possibly conflicting orders of two or more superiors...." *Bancohio Nat'l Bank v. Southland Lanes, Inc.*, No. 13-87-10, 1988 Ohio App. LEXIS 1828, at *9-*10 (Ohio Ct. App. 3d Dist. May 12, 1988) (citing 80 Ohio Jurisprudence 3d (1988), 511, Receivers, Section 227). This rule was formulated to protect the receiver, who can choose to waive this right. *Tobias v. Tobias*, 51 Ohio St. 519, 520-21, 38 N.E. 317 (1894). Thus, if the Receiver waives this protection, the Court may rightfully consider all claims brought against it. *Id*.

Here, there is no indication in either this Court's record or the record of the Lucas County Court of Common Pleas that Plaintiffs sought leave from Judge Wittenberg to file the instant action against the Receiver. Plaintiffs did not include such an allegation in their Complaint and, in fact,

4

conceded this issue at the July 12, 2006 telephone conference. Further, the Receiver has not waived this protection. In its Answer (Doc. No. 4), the Receiver raised the affirmative defense of "failure to state a claim upon which relief may be granted." The reservation of this affirmative defense is sufficient to preserve the protection of the appointing court.

As Plaintiffs have failed to obtain proper leave to bring the instant action against the Receiver, all claims against Steven Skutch and Skutch Company, Ltd. must be dismissed. Accordingly, the Receiver's Motion for Summary Judgment (Doc. No. 13) is hereby granted. Further, because we decided this Motion on the threshold issue, the Court chooses not to address the merits of the alternate issues raised by the Receiver.

## CONCLUSION

For the reasons stated above, the Receiver's Motion for Summary Judgment (Doc. No. 13) is granted.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                  JACK ZOUHARY
                                                  U. S. DISTRICT JUDGE

                                                  July 17, 2006