IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Fusion Oil, Inc., et al., | Case Nos. 3:05 CV 7434 |
| | 3:06 CV 7018 |
| Plaintiffs, | |
| -vs- | O R D E R |
| American Petroleum Retail, Inc., et al., | JUDGE JACK ZOUHARY |
| Defendants, | |
| and | |
| Mohamad Ajami, et al., | |
| Plaintiffs, | |
| -vs- | |
| Republic of Lebanon, et al., | |
| Defendants. | |

The Court held a hearing on February 7, 2008 on Defendant Harajli's Motion to Dismiss for Lack of Jurisdiction (No. 3:05-CV-7434, Doc. No. 39) and Motion to Dismiss the Cause of Action for Intimidation (No. 3:05-CV-7434, Doc. Nos. 38 and 40). This Order supplements the record of that hearing.

**I.     Motion to Dismiss Cause of Action for Imitidation**

Defendant moves to dismiss the intimidation cause of action (No. 3:06-CV-7018, Doc. 1, ¶ 84) pursuant to Ohio Revised Code § 2921.03 because (a) the statute only applies to intimidation of witnesses in civil cases, and (b) the cause of action is barred by statute of limitations.

There is no legal support for the proposition that the statute only applies to criminal cases. The statute does not limit its effect to criminal cases. Indeed, § 2921.04, the very next section, deals specifically with intimidation of witnesses in criminal proceedings. The cited case of *State v. Crider*,

21 Ohio App. 3d. 268 (1984) is not controlling because that decision was issued before the statute was amended in 1996 and, furthermore, did not hold the section only applies to criminal proceedings. Reading the two provisions together can result in only one logical conclusion: an intent in § 2921.03 to cover both civil and criminal cases.

The argument that the action is barred by the statute of limitations is also unsuccessful. Ohio law directs courts to look at the "essential nature" of the claim in deciding which statute of limitations to apply. The catchall period of limitations is found in § 2305.09(D) -- a four-year period. Section 2305.111 covers assault and battery -- a two-year period. The intimidation claim is bound up in a claim for physical harm or assault. The attack or intimidation took place on October 13, 2004 and this Complaint was filed on January 17, 2006 which makes this lawsuit timely under either a two or four year limitation.

The Motion to Dismiss the Fifth Cause of Action (Intimidation) is denied.

**II.     Motion to Dismiss for Lack of Jurisdiction: Tolling of Statute of Limitations**

Defendant moves to dismiss the unlawful detention claim because the applicable statute of limitations has run and therefore bars recovery. Defendant argues that Ohio Revised Code § 2305.11(A), which applies a one-year statute of limitations to actions for false imprisonment, should apply to the unlawful detention that occurred in Lebanon; however, counsel has not provided any justification as to why Ohio law is applicable to the unlawful detention.

In any event, Defendant failed to raise an affirmative defense of statute of limitations to the unlawful detention claim. The Answer only asserted an affirmative defense of the statute of limitation regarding the Alien Tort Claims Act (No. 3:06-CV-7018, Doc. No. 9, ¶ 2), and that claim was dismissed (No. 3:05-CV-7434, Doc. No 37.) Failing to raise an affirmative defense, such as statute of limitations, in the first responsive pleading, in this case Defendant's Answer, constitutes waiver

2

of that defense. *Senter v. General Motors Corp.*, 532 F.2d 511, 530 (6th Cir. 1976). Therefore, Defendant's Motion to Dismiss the claim of unlawful detention because it is barred by the statute of limitations is denied.

Next the Court considers the statute of limitations for the alleged assault and battery in Dearborn, Michigan. Here, Michigan law applies, and the claim is not barred under Michigan's two-year statute of limitations. Under the Ohio Supreme Court decision of *Morgan v. Biro Manufacturing*, 15 Ohio St. 3d 339 (1984), the Restatement of Conflict of Law Second Edition was adopted and set forth five factors a court must analyze in determining which law to apply: (1) the place of injury; (2) the place where the conduct occurred; (3) residence of the parties; (4) place where the party's relationship is based; and (5) any of the factors identified in Section 6 of the Restatement. The first four criteria all favor Michigan where the injury occurred and the parties reside. The factors under Section 6 of the Restatement favor either Michigan or Ohio.

Under Michigan Comp. Laws. §600.5805, the statute of limitations for "an action charging assault, battery, or false imprisonment" is two years. The alleged assault occurred on October 13, 2004 and the case was filed January 17, 2006, within the two-year statute.

Furthermore, Defendant did not raise the affirmative defense of statute of limitations for the assault and battery, and for the same reasons as previously discussed for the claim of unlawful detention, Defendant's affirmative defense of statute of limitations is waived. Therefore, The Motion to Dismiss is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 13, 2008